**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOTORISTS MUTUAL | : | DOCKET NO. 3:23-cv-01902-km |
| INSURANCE COMPANY | : | |
| | : | |
| | : | |
| v. | : | DECLARATORY JUDGMENT |
| | : | |
| | : | |
| SIGNATURE BUILDING SYSTEMS | : | |
| OF PA, LLC, JOHN GLANCY, VICTOR | : | MAGISTRATE JUDGE |
| DEPHILLIPS, PAUL MARSALA, GARY | : | MARTIN C. CARLSON |
| MARTIN, CRAIG LANDRI, JAY | : | |
| BRADLEY, PFS CORPORATION, LLC, | : | |
| d/b/a PFS TECO, RICHARD WENNER, | : | |
| HAROLD RAUP, and TONY STEIMLING | : | CIVIL ACTION |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff

> **This is an insurance coverage declaratory judgment action regarding the construction of a modular house in Massachusetts. Defendant Signature Building Systems of PA, LLC -- of whom defendants John Glancy, Victor DePhillips, Paul Marsala, Gary Martin, Craig Landri, and Jay Bradley are employees -- manufactured the modular units for the house. Defendant PFS Corporation, d/b/a PFS TECO ("PFS") -- of whom defendants Richard Wenner, Harold Raup, and Tony Steimling are/were employees -- is the third-party plan review and inspection agency hired by Signature Building System as their 3rd party plan review and inspection agency at the time the modular home for the Christina's was manufactured.**

> **The house, located at 17 Bridle Spur Road, Danvers, Massachusetts, was built for William and Catherine Christina, who were dissatisfied with the construction and sued, <u>inter alia</u>, the Signature and PFS defendants herein, with claims of deficiencies and causes of action that include: (1) Breach of Contract; (2) Negligence; (3) Negligent Misrepresentation; (4) Negligent Infliction of Emotional Distress; (5) Intentional Infliction of Emotional Distress; (6) Fraud; (7) Breach of Warranty; (8)**

Breach of the Implied Warranty of Fitness for a Particular Purpose; (9) Breach of the Implied Warranty of Merchantability; (10) Civil Conspiracy; and (11) violations of Massachusetts's Consumer Protection Act, Massachusetts General Laws, Chapter 93A.  See Christina v. Signature Building Systems of PA, LLC, et al., Superior Court of Massachusetts, Essex County, No. 1877CV00506-D.

Plaintiff Motorists Mutual Insurance Company insured Signature, policy no. 33.293912-90E, including general liability coverage, and is providing a defense to Signature and its employees, as well as PFS and its employees, in the Christina case in Massachusetts.

Motorists has brought this declaratory judgment action on the basis that its general liability policy is an "occurrence" policy, only covering "accidents," and does not cover the Christinas' claims of faulty workmanship, breach of contract, breach of warranty, negligence (as the gist of the action in the Christina case is in contract), intentional acts, conspiracy, fraud, consumer fraud, and punitive/treble damages. Also, the alleged acts of negligence asserted by the Christinas against PFS are its own acts, not liability arising out of the acts of Signature.  Accordingly, Motorists' action asserts that no coverage is owed to PFS as an additional insured under the terms of its additional insured coverage.  Contractual liability coverage also does not apply to cover the indemnity obligation owed by Signature to PFS.

Motorists is from Columbus Ohio.  Signature is in Moosic, Pennsylvania, and PFS is a Wisconsin company with a place of business in Bloomsburg, Pennsylvania.  Jurisdiction is therefore based on diversity of citizenship.

By Signature defendants

Signature Building Systems is a modular home manufacturer located in Moosic, Pennsylvania. Signature entered into a contract with William and Catherine Christina who have had an action pending against Signature and the other individual defendants who are either Signature employees or outside salespersons since 2018. Motorists has defended that action since July 27, 2021. The 10-count Second Amended Complaint filed by the Christinas incorporates the negligence aspects into 10 of those 11 counts. Signature's undersigned counsel together with local counsel in Boston have informed Motorists that Massachusetts law requires Motorists to defend its insured, once that defense has been undertaken, until a final judgment declaring the parties' rights under the policy has been issued. Nevertheless, Motorists has on a number of occasions has failed to pay Boston defense counsel. Signature has brought a counterclaim for breach of contract and bad faith.

2

<u>By PFS defendants</u>

**PFS Corporation, LLC d/b/a PFS TECO ("PFS") is a third-party plan review and inspection agency for modular and manufactured structures.   PFS is a Wisconsin corporation with a regional office located in Bloomsburg, Pennsylvania.  PFS and its current/former employees (Richard Wenner, Harold Raup and Tony Steimling) were named as defendants in the underlying action pending in Massachusetts (as set forth below, its employees have been dismissed from the underlying action).  With regard to PFS and its employees, the Christinas allege negligence, <u>inter</u> <u>alia</u>, in providing services and products, and in approval and certification of elements of the home, approval of plans, specifications, and engineering, and whether modular units were completed and were in compliance with the plans, specifications, terms of their agreement, and in a good and workmanlike manner.  Motorist has been providing a defense to PFS and its employees in the underlying action.**

1.2  The facts the parties dispute are as follows:  **Application of coverage.**

The facts the parties agree upon are as follows:  **The policy and the fact that a lawsuit was filed by the Christinas in Massachusetts, which is ongoing.**

1.3  The legal issues the parties dispute are as follows:  **Application of coverage.**

The legal issues the parties agree upon are as follows:  **To be determined.**

1.4  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:  **None.  Defendants Richard Wenner, Harold Raup, and Tony Steimling, all employees of PFS, have been dismissed from the underlying <u>Christina</u> case in Massachusetts, and will be dismissed as defendants in this declaratory judgment action.**

1.5  Identify any named parties that have not yet been served:  **None**

1.6  Identify any additional parties that:

Plaintiff intends to join:  **None at this time.**

Signature defendants intend to join:  **None at this time.**

PFS defendants intend to join:  **None at this time.**

1.7     Identify any additional claims that:

Plaintiff intends to add:  **None at this time.**

Signature defendants intend to add:  **None at this time.**

PFS defendants intend to add:  **None at this time.**

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1     Separately for each party, list by name and title/position each person whose identity has been disclosed.

**To be submitted prior to the Rule 16 conference.**

Disclosed by plaintiff

Name Title/Position

Disclosed by:

Name Title/Position

Disclosed by Signature defendants

Name Title/Position

Disclosed by:

Name Title/Position

Disclosed by PFS defendants

Name Title/Position

Disclosed by:

Name Title/Position

**3.0  Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

Nature of Motion Moving Party Anticipated Filing Date:     **None at this time by any party.**

**4.0 Discovery**

4.1     Briefly describe any discovery that has been completed or is in progress:

By plaintiff:  **None at this time.  After disclosures are exchanged.**

By Signature defendants:  **None at this time.  After disclosures are exchanged.**

By PFS defendants:  **None at this time.  After disclosures are exchanged.**

4.2     Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**To be discussed after exchange of disclosures.**

4.3     Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**To be discussed after exchange of disclosures.**

4.4     Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

**To be discussed after exchange of disclosures.**

4.5     For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

**For purposes of this discovery plan, there are three parties:  (1) plaintiff; (2) defendant Signature and its employees; and (3) defendant PFS and its employees.**

**The parties agree to 50 interrogatories, 50 requests for admissions, plus unlimited requests for production of documents, issued per party.**

5

    4.5.1    Depositions (excluding experts) to be taken by:

          Plaintiff:           **Corporate designees of Signature and PFS.**

          Signature defendants:      **Corporate designees of Motorists.**

          PFS defendants:        **Corporate designees of Motorists.**

    4.5.2    Interrogatories to be served by:

          Plaintiff:  **50**

          Signature defendants:  **50**

          PFS defendants:  **50**

    4.5.3    Document production requests to be served by:

          Plaintiff:  **No limit**

          Signature defendants:  **No. Limit**

          PFS defendants:  **No Limit**

    4.5.4    Requests for admission to be served by:

          Plaintiff:  **50**

          Signature defendants:  **50**

          PFS defendants:  **50**

4.6    Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.  **Yes.  We have agreed.**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:  **None at this time.**

## 5.0  Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.  **None at this time.**

5.2     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: **None at time.**

### 6.0  Scheduling

6.1     Final date for joining additional parties:

      Plaintiff                     **November 1, 2024**

      Signature defendants       **November 1, 2024**

      PFS defendants          **November 1, 2024**

6.2     Final date for amending pleadings:

      Plaintiffs                    **October 1, 2024**

      Signature defendants       **October 1, 2024**

      PFS defendants          **October 1, 2024**

6.3     All fact discovery commenced in time to be completed by: **December 31, 2024**

6.4     All potentially dispositive motions should be filed by: **May 2, 2025**

6.5     Reports from retained experts due:

      Plaintiff: **January 31, 2025**

      Signature defendants: **March 7, 2025**

      PFS defendants: **March 7, 2025**

6.6     Supplemental/rebuttal expert reports due: **April 4, 2025**

6.7     All expert discovery commenced in time to be completed by: **May 19, 2025**

6.8     This case may be appropriate for trial in approximately: **July 28, 2025**

240 Days from the filing of the action in this court

365 Days from the filing of the action in this court

Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:  (month/year)

6.10    Trial

6.10.1  Suggested Date for Trial:  (month/year)

**7.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Plaintiff                                    **To be determined.**
Name

Title

Address

( ) - Daytime Telephone

Signature defendants                         **To be determined.**
Name

Title

Address

( ) - Daytime Telephone

PFS defendants                               **To be determined.**
Name

Title

Address

( ) - Daytime Telephone

**8.0 Alternative Dispute Resolution ("ADR")**

8.1     Identify any ADR procedure to which this case already has been assigned or which the
        parties have agreed to use.  **None at this time.**
ADR procedure

Date ADR to be commenced

Date ADR to be completed

8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties
        believe that the case is appropriate for such a procedure, identify the party or parties that
        recommend ADR and the specific ADR process recommended:

8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  **Yes**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:  **Scranton/Wilkes-Barre**

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.  **None at this time.**

BILLET & ASSOCIATES, LLC

/s/ Robert D. Billet

_____
ROBERT D. BILLET, ESQUIRE

2000 Market Street, Suite 2803
Philadelphia, PA  19103-3201
215-496-7500/fax 7505
rbillet@billetlaw.com

Attorneys for plaintiff Motorists
Mutual Insurance Company

Date: July 17, 2024

MEY & SULLA, LLP

/s/ Michael R. Mey

_____
MICHAEL R. MEY, ESQUIRE

1144 East Drinker Street
Dunmore, PA  18512
570-961-1929
mmey@meysullalaw.com

Attorneys for defendants Signature
Building Systems of PA, LLC, John
Glancy, Victor DePhillips, Paul
Marsala, Gary Martin, Craig Landri,
and Jay Bradley

Date:  July 17, 2024

GREEN, SILVERSTEIN & GROFF

/s/ Joseph B. Silverstein

_____
JOSEPH B. SILVERSTEIN, ESQUIRE

215 South Broad Street, Suite 500
Philadelphia, PA  19107
215-972-5520
jsilverstein@gsglawfirm.com

Attorneys for defendants PFS Corporation,
d/b/a PFS Teco, Richard Wenner, Harold
Raup, and Tony Steimling

Date:  July 17, 2024